UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MASSIVELY BROADBAND LLC, | § | |
| *Plaintiff*, | § § | |
| v. | § § | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | CIVIL ACTION NO. 2:25-CV-00608-JRG |
| *Defendants*. | § § | |

### E-DISCOVERY ORDER

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the Court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall include metadata, to the extent such metadata is applicable to an individual item and is already within the

1

producing party's possession, custody, or control, showing an individual item's:

A. Title;

B. Filename;

C. Creation date and time (MM/DD/YYYY for dates and h:mm tt (UTC) for times);

D. Modification date and time (MM/DD/YYYY for dates and h:mm tt (UTC) for times);

E. Author;

F. Subject line;

G. To;

H. From;

I. Cc;

J. Bcc;

K. Date and time sent;

L. Date and time received;

M. Beg. Bates;

N. End Bates;

O. Production:: Begin Attachment;

P. Production:: End Attachment

Q. Custodian & All Custodians;

R. Confidentiality

S. File_Path;

T. Text Precedence.

5. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

A. **General Document Image Format**. Each electronic document shall be produced in

        single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. The parties shall provide document-level text files and a DAT load file for metadata and an OPT load file for images that indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B. **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

D. **Native Files**. Unless otherwise agreed to by the parties, the parties agree to provide Excel spreadsheets files which have not been redacted in native format. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

E. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

      F.    **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail, parties must propound specific e-mail production requests.

7. E-mail production requests shall be served after each side[1] has exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification of the twelve most significant listed e-mail custodians in view of the pleaded claims and defenses,[2] infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. The exchange of this information shall occur on or before January 9, 2026. Each requesting party may also propound up to five written discovery requests and take one deposition per side to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

8. E-mail production requests shall identify the custodian, proposed search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of

---

[1] For purposes of this Order, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. shall collectively be considered a single "side."

[2] A "specific identification" requires a short description of why the custodian is believed to be significant.

4

eight custodians per side for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per side, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9. Each requesting party shall limit its e-mail production requests to a total of ten search terms per custodian. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. For any search term that returns more than 2,500 hits per custodian, the parties agree to meet and confer in good faith to narrow the term. If the parties are unable to agree, the burden will be on the requesting party to seek relief from the court. The foregoing does not prevent a producing party from objecting to a search term that returns less than 2,500 hits and if any such objection is raised, the parties agree to meet and confer in good faith to address the objection.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or

5

work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

11. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

12. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**So ORDERED and SIGNED this 4th day of December, 2025.**

                                                  RODNEY GILSTRAP  
                                                  UNITED STATES DISTRICT JUDGE